KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

Attorneys for Plaintiff Chanel, Inc.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br>v.<br><br>US880, a business entity of unknown makeup, and DOES 1-10,<br><br>Defendants. | Case No. 4:10-cv-02601-PJH (EMC)<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING PERSONAL JURISDICTION**<br><br>[Declaration of Stephen M. Gaffigan Filed Concurrently Herewith]<br><br>Date: March 16, 2011<br>Time: 10:30 AM<br>Dept: Courtroom C, 15th Floor<br>Judge: Hon. Edward M. Chen |

Plaintiff, Chanel, Inc. ("Chanel") hereby files and serves its Supplemental Memorandum Regarding Personal Jurisdiction and states as follows:

## I. INTRODUCTION

On June 11, 2010, Chanel filed its Complaint for trademark counterfeiting and infringement and false designation of origin against Defendants US880, a business entity of unknown makeup (the "Defendant") and Does 1-10.[1] Chanel sued the Named Defendant, an unincorporated association,

[1] On January 6, 2011, Chanel filed its Notice of Motion and Motion for Entry of Final Default Judgment Against Defendant US880 (e-docket 19, incorporated herein by reference). Chanel's Motion to Dismiss Defendants Does 1-10

under its common name, US880. (*See* FED. R. CIV. P. 17(b)(3)(A)). "US880" is the Registrant of each of the Subject Domain Names listed in the Complaint. (e-docket 1, p. 10, incorporated herein by reference; *see also* Declaration of Stephen M. Gaffigan in Support of Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant ¶ 3 and Comp. Ex. 2 attached thereto, WHOIS Registration Reports for the domain names known to Plaintiff at the time of the filing of the Complaint) (e-docket 11-6; 11-8, incorporated herein by reference)). In its Complaint, Chanel alleges the Defendant is conducting business with consumers and causing harm to Chanel within this District through at least the fully interactive Internet websites operating under the domain listed in Schedule "A" annexed hereto (the "Subject Domain Names").

Subsequently, Chanel discovered the Defendant was operating numerous other Internet websites via which it was also advertising and offering for sale counterfeit and infringing Chanel branded products. A complete list of the additional domain names (the "Additional Domain Names") is annexed hereto as Schedule "B." On January 6, 2011, Chanel filed its Notice of Motion and Motion for Entry of Final Default Judgment Against Defendant US880 (e-docket 19).[2] On February 25, 2011, the Court entered an Order Requiring Supplemental Briefing and/or Evidence, specifically on the subject of personal jurisdiction. (e-docket 30). The Court ordered that on or before March 11, 2011, Chanel should file supplemental briefing regarding the Court's jurisdiction over the Defendant.

Chanel respectfully submits that this Court may properly exercise specific personal jurisdiction over the Defendant because the Defendant has sufficient minimum contacts with the State of California which relate directly to Chanel's causes of action. Specifically, the Defendant is operating fully interactive commercial websites selling goods bearing counterfeits of Chanel's world famous trademarks. In doing so, the Defendant advertises and offers to sell goods directly to California residents. Moreover, the Defendant has shipped counterfeit Chanel branded merchandise into this Judicial District. The Defendant's actions cause harm to Chanel in California, and, thus, it

---

Without Prejudice is filed concurrently with this Supplemental Memorandum Regarding Personal Jurisdiction.

[2] Chanel's Notice of Motion and Motion for Entry of Final Default Judgment Against Defendant US880, together with support exhibits and declarations, is incorporated herein by reference. (e-docket 19-22).

is reasonable for it to be haled into Court in this District.

## II. ARGUMENT

### A. Applicable Law.

Personal jurisdiction in this District is proper provided it is "consistent with the [California] long-arm statute, and if it comports with due process of law." *Boschetto v. Hansing*, 539 F.3d 1011, 1020-21(9th Cir. 2008) (Honorable Circuit Judge Rymer concurring). The long-arm statute in California extends the exercise of personal jurisdiction to the limits of due process. *Id* at 2021; *see also, Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (*citing* Cal. Code. Civ. Pro. § 410.10). In order to satisfy due process, "a defendant must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

In the Ninth Circuit, for specific jurisdiction to exist, a plaintiff must demonstrate the following:

1. The non-resident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct;
2. Plaintiff's claim must arise out of or result from the defendant's forum-related activities; and
3. The exercise of jurisdiction must be reasonable.

*Roth v. Marquez*, 942 F.2d 617, 620-621 (9th Cir. 1985). In order to demonstrate purposeful availment in a tort case such as this, a plaintiff must show the defendant has purposefully directed its activities toward the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802-03 (9th Cir. 2004). Purposeful direction is determined using an "effects test." A defendant "purposefully directs" activity at a forum state when he: (1) commits an intentional act, that is (2) expressly aimed at the forum state and that (3) causes harm that he knows is likely to be suffered in that jurisdiction.

*See Id.* at 803.  Plaintiff's evidence, coupled with the Defendant's default, satisfies each of the elements of the effects test.

**B.     The Defendant is Subject to Personal Jurisdiction in this District.**

A party seeking to invoke the jurisdiction of a Federal court has the burden of establishing that jurisdiction exists. *Datadisk, Inc. v. SYS Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When analyzing personal jurisdiction, the Court is required to accept uncontroverted allegations in Plaintiff's Complaint as true. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also Visioneering Construction v. U.S. Fidelity & Guaranty*, 661 F.2d 119, 124 (9th Cir. 1981) ("Well pleaded allegations of the petition, including jurisdictional averments, are taken as admitted on a default judgment."). In the present case, Chanel's Complaint contains the following allegations regarding personal jurisdiction which should be accepted as true:

> 1.     This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens whom conduct substantial infringing activities within this District. Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers within this District through at least the fully interactive, commercial Internet websites operating under the Subject Domain Names. (Compl. at ¶ 1).
>
> 2.     Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this Judicial District. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a

variety of high quality luxury goods, including, but not limited to, handbags, wallets and watches, under Federally registered trademarks. (Compl. at ¶ 3).

3. Defendants are individuals and/or business entities, who, upon information and belief conduct business within this jurisdiction through the operation of various fully interactive, commercial websites operating under at least the Subject Domain Names. (Compl. at ¶ 4).

4. Defendants are, upon information and belief, individuals and/or business entities who direct their business activities toward and conduct business with consumers within this District. Defendants are directly and personally contributing to, inducing and engaging in the advertisement, offering for sale, promotion and sale of counterfeit and infringing products as alleged herein as partners and co-conspirators. (Compl. at ¶ 6).

5. Upon information and belief, Defendants are directly engaging in the sale of counterfeit and infringing products within this District as alleged herein. Moreover, upon information and belief, Defendants have conspired with each other to jointly engage in the offering for sale and sale of counterfeit and infringing Chanel branded products within this Judicial District through at least the fully interactive, commercial Internet based website businesses operating under the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit and infringing goods under domain names not yet known to Chanel. Defendants' entire Internet based website businesses amount to nothing more than a massive illegal operation, infringing on the intellectual property rights of Chanel and others. Moreover, because VeriSign Global Registry Services, the Registry for each of the .com and .net Subject Domain Names owned by

Defendants, is located within this District, those domain names constitute property rights within this District. (Compl. at ¶ 7).

6. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities and causing harm at least within this Judicial District and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Chanel and its marks does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance. (Compl. at ¶ 21).

7. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, counterfeit and infringing handbags, wallets and watches bearing the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit handbags, wallets and watches. (Compl. at ¶ 31).

8. Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel. (Compl. at ¶ 39).

As set forth in the above cited allegations, the Defendant is engaged in intentional acts of trademark infringement and counterfeiting and false designation of origin. The Defendant is committing its illegal activities via multiple fully interactive commercial websites which advertise and offer for sale counterfeit Chanel branded products. Because the Defendant's tortious acts are

clearly intentional, the first prong of the effects test is met.

Through its websites, the Defendant targets consumers throughout California and the United States with illegal offers to sell counterfeit Chanel branded goods. The Defendant's websites are easily accessible to consumers in this District and sales made via the websites maybe easily consummated by such consumers. *See* Declaration of Stephen M. Gaffigan in Support of Plaintiff's Supplemental Memorandum Regarding Personal Jurisdiction ("Gaffigan Decl.") ¶¶ 3, 4, filed herewith.

Additionally, the Defendant ships its counterfeit goods directly into the State of California. (*See* Declaration of Jason Holmes in Support of Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant and Composite Exhibit "1" attached thereto. (e-docket 11-2 through 11-3) ("Holmes Decl."). Chanel's private investigator, Jason Holmes ("Holmes") purchased a counterfeit Chanel branded wallet from the Defendant via the Internet website operating under the Subject Domain Name bagsshow.com. The Defendant shipped the wallet directly to Holmes' cover address in San Jose, California. (*See* Holmes Decl. at ¶ 4 and Composite Exhibit 1 attached thereto, demonstrating the full-interactivity of the website, showing the Chanel branded wallet purchased from the Defendant and received by Holmes, and showing the shipping label from the packaging containing the wallet showing shipment to San Jose, California). In view of the Declarations of Gaffigan and Holmes, it is clear the Defendant aims its illegal actions at this forum and others. Accordingly, the second prong of the effects test is met.

Chanel's claims in this action arise in large measure out of the Defendant's offers to sell and sales of counterfeit Chanel branded goods and shipment of the same into California. As alleged in Paragraph 3 of the Complaint, Chanel operates boutiques within this District which suffer harm as a result of lost sales and damaged reputation due to the Defendant's offers to sell and sales of counterfeit Chanel branded products within California. Thus, the third prong of the effects test is also met. Accordingly, the "purposeful availment" prong of the test for specific jurisdiction is satisfied.

In view of the foregoing, it is clear (1) the Defendant has purposefully directed its illegal

business activities towards this forum, and (2) Chanel's claims against the Defendant arise, at least in part, out of its forum related activities. Hence, the first two prongs of the minimum contacts test are satisfied, and the exercise of personal jurisdiction by this Court should be deemed reasonable absent a showing by the Defendant that it is not. *Boschetto*, 539 F.3d at 1021 ("the plaintiff bears the burden of satisfying the first two prongs of the test, and the defendant bears the burden on the third."). In any event, the evidence of Defendant's commercial activities via its websites which was presented by Chanel in support of its *Ex Parte* Application for Order Authorizing Alternate Service of Process and in support of its Motion for Entry of Final Default Judgment Against Defendant clearly demonstrates the exercise of jurisdiction by this Court is reasonable. The Ninth Circuit supports a "sliding scale" approach with respect to personal jurisdiction in cases involving Internet websites. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997); *citing Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1123-24 (W.D. PA 1997). Specifically, the court in *Cybersell* found that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet." *Cybersell*, 130 F.3d at 419, citing *Zippo*, 952 F. Supp. at 1124. In short, the greater the level of interactivity and information exchange available on a commercial website, the more likely it is that a court may properly exercise personal jurisdiction over the website operators. In this case, the websites at issue are highly interactive. (*See* Gaffigan Decl. at ¶¶ 3, 4 and Holmes Decl. at ¶ 4).

## III. CONCLUSION

For the foregoing reasons, Chanel respectfully requests this Court find that it may properly exercise personal jurisdiction over the Defendant in this matter.

Dated: March 11, 2011

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: ______________/S/_______________________
ANNE E. KEARNS
Attorneys for Plaintiff Chanel, Inc.

**SCHEDULE "A"**
**SUBJECT DOMAIN NAMES**

1. 360gome.com
2. atthego.com
3. bagsagent.com
4. belovebags.com
5. belovewrist.com
6. leaderol.com
7. officalugg.com
8. runtimberland.com
9. shopkiss.com
10. timberlander.com
11. timberlandsou.com
12. watchesagent.com

**SCHEDULE "B"**
**ADDITIONAL DOMAIN NAMES**

1. 09handbags.com
2. 2youwatch.com
3. 4ezlive.com
4. 80trade.com
5. 8bags4you.com
6. 9keyshow.com
7. abercrombiepop.com
8. abercrombiesales.com
9. abercrombiestar.com
10. allbestdvd.com
11. andany.com
12. anhandbag.com
13. asapshops.com
14. bagsagent.co.uk
15. bagslike.com
16. bagsontheway.com
17. bagsshow.biz
18. bagsvip.com
19. bapeshopping.com
20. basemall.info
21. belovewatch.com
22. bestemplet.com
23. bestsheshox.com
24. bikinionlineshop.com
25. bikinismark.com
26. bikiniszone.com
27. bosebuynow.com
28. brandsupplieronline.com
29. buddytrade.com
30. buyonebag.com
31. bytshirt.com
32. cartggo.com
33. clortsblog.org
34. clothinggogo.com
35. cooltimberland.com
36. dearbridal.com
37. dearmobiles.com
38. dearpolo.com
39. dearsunglass.com
40. dvdlift.com
41. dvdsheaven.com
42. dvdspop.com
43. dvdsword.com
44. easydoing.org
45. ecabroad.com
46. ecbape.com
47. ecgohere.com
48. ecgoshop.com
49. ecsalesonline.com
50. ecsharings.com
51. ecshopking.com
52. ecspeed.com
53. ed-hardys.com
54. edhardyshow.com
55. elegantsale.com
56. enjoyalley.com
57. e-superbuyer.com
58. fallowtrade.org
59. fangpin.net
60. fangpinb2b.com
61. fashionwatches4sales.com
62. feelmoving.com
63. firsttidebags.com
64. flat-ironchi.com
65. gahoos.com
66. globalprada.com
67. godshopking.com
68. godshops.com
69. golinksoflondon.com
70. gototbl.com
71. gsshring.com
72. hellorolex.com
73. hotandpop.com
74. hotsalex.com
75. ilikebuy.com
76. imitatewatch.com
77. imitatewatches.com
78. inexquisite.com
79. inthego.org
80. ireplicachoice.com
81. ispv.net
82. jeanecb.com
83. justforbag.com
84. kicksbap.com
85. kicksboots.com
86. kissbusy.com

87. londonlinksinc.com
88. lovegymshoes.com
89. luxuryinbags.com
90. macygood.com
91. maxshoesworld.com
92. mazillas.com
93. meishucheng.com
94. mixitems.com
95. mybagcollect.com
96. mydvddvds.com
97. mygoodwatches.com
98. mylovinearphone.com
99. mylovintech.com
100. myoxette.com
101. mysoftware123.com
102. mysterybuying.com
103. mywatchestore.com
104. netabercrombie.com
105. njlp.net
106. nokiasphone.com
107. officalsell.com
108. okeyby.com
109. ok-replica.com
110. olugg.com
111. onairbuy.com
112. oncomes.com
113. ondunk.com
114. onexquisite.com
115. onlinenbastar.com
116. order24hours.com
117. order2you.com
118. ordernokia.com
119. outputbag.com
120. passsale.com
121. pearltop.com
122. plubrands.com
123. popdksb.com
124. popoortop.com
125. poppolo4you.com
126. populashow.com
127. progiftstore.com
128. realafestate.com
129. replica-lv.com
130. robbtrade.com
131. selingbags.com
132. selinged.com
133. sellelec.com
134. sexyhygeia.com
135. shixy.com
136. shoppingyouself.com
137. software4cpu.com
138. softwareonthisway.com
139. storereplica.com
140. stylesheet.me
141. sunglasses-hut.com
142. thehandbagssale.com
143. thelinksuk.com
144. themydvd.com
145. thewebdvd.com
146. timhightop.com
147. topairmax.com
148. topofbikini.com
149. treasurepub20.com
150. uppetop.com
151. victor88.com
152. walletmarkets.com
153. watch11.com
154. watcheslike.com
155. watchesteam.com
156. watchtoyou.com
157. web3gtimes.com
158. webfashionsite.com
159. webgoshop.com
160. webmydvd.com
161. wholesale-retailer.com
162. wristwatchnew.com
163. wwbagss.com
164. youmestore.com